WELTE *v.* WELTE.

(Decided April 22, 1935.)

*Mr. Frank A. Carabin* and *Miss Mary E. Gillen,* for plaintiff in error.

*Mr. Leonard E. Donovan,* for defendant in error.

LLOYD, J. On August 2, 1934, Margareta Welte, as plaintiff, filed her petition in the Court of Common Pleas of Lucas county against her husband, Frank Welte, seeking thereby a judgment for alimony. In this petition she does not ask for a divorce. On September 12, 1934, Frank Welte filed his answer and cross-petition, in which he admits the marriage of himself and plaintiff, and denies each and all of the material statements and allegations made by his wife in her petition.

By a cross-petition he alleges their marriage on July 29, 1926, at Toledo, Ohio, alleges that no children were born thereof, and asks for a divorce from his wife on the ground that she had been guilty of extreme cruelty. Upon trial the court ordered that the plaintiff, Margareta Welte, have as and for her alimony the sum of $300, payable in monthly instalments of $50 each until such sum is fully paid, and, finding that Mrs. Welte had been guilty of extreme cruelty as alleged in his cross-petition, granted to Welte a divorce dissolving the marriage relation theretofore existing between himself and wife.

Mrs. Welte, as plaintiff in error, seeks to reverse the judgment of the Court of Common Pleas, claiming that no evidence was adduced at the trial which would warrant the granting of a divorce to her husband, and the record of the evidence compels an agreement with the claim as made. The evidence submitted at the trial shows no facts which would warrant the granting of a divorce to either party, even assuming that all that is said by Mr. Welte and the witnesses offered in his behalf were true. Therefore, the judgment of the Court of Common Pleas must be reversed with directions to that court to dismiss the cross-petition of the

defendant in error, Frank Welte. The judgment of alimony in favor of Mrs. Welte must also be reversed because it was awarded on the theory of permanent alimony based on the fact that a divorce had been granted to Frank Welte. As to this phase of the case, the judgment will be reversed and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

OVERMYER and CARPENTER, JJ., concur.