in mind that a lien is only a security for a debt and the amount of the lien claimed cannot exceed the true indebtedness. The true indebtedness, in our opinion, was a balance of Sixty-Five Dollars. When Mr. Lowe tendered the amount he was entitled to the possession of his goods, and our finding is that the plaintiff Mr. Lowe is entitled to immediate possession of his goods on the payment or tender of the balance of Sixty-Five Dollars.

The judgment of the Municipal Court is therefore reversed and our finding is for the plaintiff as hereinbefore indicated. Case remanded to the Municipal Court for assessment of damages for further proceedings according to law for the assessment of damages for wrongful retention.

LIEGHLEY, PJ, LEVINE and TERRELL, JJ, concur in the judgment.

## WELTE v WELTE

Ohio Appeals, 6th Dist, Lucas Co

Decided April 22, 1935

## OPINION

PER CURIAM

The written contract between The University Van and Express Company and Mr. Lowe, together with what seems to have been the clear understanding of the parties, leads us to conclude that the sum of One Hundred and Fifteen Dollars, which is the contract price, was to be the total charge for the services rendered in moving and storing the goods belonging to Mr. Lowe.

The defendant in error relies upon what is termed a carrier's lien. We are of the opinion that no such lien exists in this case in favor of the carrier. It must be kept

Frank A. Carabin, Toledo, and Miss Mary E. Gillen, Toledo, for plaintiff in error.

Leonard E. Donovan, Toledo, for defendant in error.

For full opinion see 4 OO 193; 198 NE 603; 50 Oh Ap 484.